1
2
3               UNITED STATES DISTRICT COURT
4               NORTHERN DISTRICT OF CALIFORNIA
5                      EUREKA DIVISION
6
7   JOEL TAYLOR,
                                        No. C 15-5465 NJV (PR)
8            Plaintiff,
                                        **ORDER OF DISMISSAL WITH**
9   v.                                  **LEAVE TO AMEND**
10  PRISON HEALTH CARE,
11           Defendant.
                        /
12

13       Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

14  He has been granted leave to proceed in forma pauperis. (Doc. 15.)

15                            **DISCUSSION**

16  **A.    Standard of Review**

17       Federal courts must engage in a preliminary screening of cases in which prisoners

18  seek redress from a governmental entity or officer or employee of a governmental entity.

19  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27  grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28  omitted).  Although in order to state a claim a complaint "does not need detailed factual

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2  requires more than labels and conclusions, and a formulaic recitation of the elements of a

3  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6  plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8  framework of a complaint, they must be supported by factual allegations.  When there are

9  well-pleaded factual allegations, a court should assume their veracity and then determine

10  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

11  679 (2009).

12       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements:  (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged deprivation was committed by a person acting under the

15  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **B.    Legal Claims**

17       Plaintiff states he was denied proper medical and dental care.

18       Deliberate indifference to serious medical needs violates the Eighth Amendment's

19  proscription against cruel and unusual punishment.[1]  *Estelle v. Gamble*, 429 U.S. 97, 104

20  (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

21  *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

22

23       [1]  It is not clear if plaintiff is a pretrial detainee or a convicted prisoner.  Even though
24  pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves
    as a benchmark for evaluating those claims.  *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir.
25  1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).
    The Ninth Circuit has determined that the appropriate standard for evaluating constitutional
26  claims brought by pretrial detainees is the same one used to evaluate convicted prisoners'
    claims under the Eighth Amendment.  "The requirement of conduct that amounts to 'deliberate
27  indifference' provides an appropriate balance of the pretrial detainees' right to not be punished
    with the deference given to prison officials to manage the prisons." *Redman v. County of San*
28  *Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

2

United States District Court
For the Northern District of California

1  A determination of "deliberate indifference" involves an examination of two elements: the

2  seriousness of the prisoner's medical need and the nature of the defendant's response to

3  that need. *Id.* at 1059.

4      A "serious" medical need exists if the failure to treat a prisoner's condition could

5  result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*  The

6  existence of an injury that a reasonable doctor or patient would find important and worthy of

7  comment or treatment; the presence of a medical condition that significantly affects an

8  individual's daily activities; or the existence of chronic and substantial pain are examples of

9  indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

10     A prison official is deliberately indifferent if he or she knows that a prisoner faces a

11  substantial risk of serious harm and disregards that risk by failing to take reasonable steps

12  to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only

13  "be aware of facts from which the inference could be drawn that a substantial risk of serious

14  harm exists," but he "must also draw the inference." *Id.*  If a prison official should have

15  been aware of the risk, but was not, then the official has not violated the Eighth

16  Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175,

17  1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison

18  medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v.*

19  *Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

20     It is difficult to discern the exact allegations of plaintiff's complaint.  He states that he

21  was denied medical care for a serious infectious disease but provides no details about the

22  disease or the medical care that was withheld.  He also provides a list of other allegations

23  involving confiscated paperwork, exposure to Hepatitis, improper dental care, forcible

24  medication, and retaliation.  There are a few other pages attached to the complaint, but the

25  writing is not entirely legible on the original or scanned copies.[2]  In addition, plaintiff has not

26

27      [2] To the extent plaintiff is discussing his underlying conviction or ongoing prosecution
28  he must file a separate action addressing those concerns.

3

**United States District Court**
For the Northern District of California

1   identified any specific defendant.

2        The complaint is dismissed with leave to amend.  Plaintiff should focus on a few

3   related claims and he must specifically describe the alleged constitutional violations and

4   identify individual defendants and describe their actions.  The amended complaint must

5   also be legible for the court to determine if plaintiff has presented cognizable claims.

6   Plaintiff should also indicate if he is a pretrial detainee or a convicted prisoner.

7                                       **CONCLUSION**

8        1.  The complaint is **DISMISSED** with leave to amend in accordance with the

9   standards set forth above.  The amended complaint must be filed within **twenty-eight (28)**

10  **days** of the date this order is filed and must include the caption and civil case number used

11  in this order and the words AMENDED COMPLAINT on the first page.  Because an

12  amended complaint completely replaces the original complaint, plaintiff must include in it all

13  the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

14  1992).  He may not incorporate material from the original complaint by reference.  Failure to

15  amend within the designated time will result in the dismissal of this action.

16       2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

17  court informed of any change of address by filing a separate paper with the clerk headed

18  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

19  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

20  Federal Rule of Civil Procedure 41(b).

21       **IT IS SO ORDERED.**

22

23  Dated: February 29, 2016.          _____

24                                      NANDOR J. VADAS
                                        United States Magistrate Judge

25

26

27

28

                                          4