UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JOEL TAYLOR,<br>　　　　Plaintiff,<br>　　v.<br>PRISON HEALTH CARE,<br>　　　　Defendant. | Case No.  15-cv-05465-NJV<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME**<br><br>(Doc. 23.) |

　　　　Plaintiff filed the complaint in this action on December 11, 2015.  (Doc. 6.)  On February 29, 2016, the court entered an order dismissing the complaint with leave to amend.  (Doc. 16.)  The court granted Plaintiff twenty-eight days to file an amended complaint.  *Id*.  Plaintiff failed to file an amended complaint.  Thus, on May 27, 2016, the court entered an order dismissing the case.  (Doc. 17.)  The court entered judgment on May 27, 2016.  (Doc. 18.)

　　　　Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff had thirty days following the entry of judgment to file a notice of appeal with the district court.  Thirty days after May 27, 2016, was June 26, 2016.  Plaintiff, however, did not file his notice of appeal until July 8, 2016.  The notice of appeal is signed by Plaintiff and dated July 5, 2016.  The postage meter stamp on the envelope used to mail Plaintiff's notice of appeal is also dated July 5, 2016.  In light of the well-established vagaries of mailing procedures within penal institutions as recognized by the "mail box rule," the court will consider Plaintiff's notice of appeal to be filed July 5, 2016.

　　　　On July 27, 2016, Plaintiff filed a motion in the Ninth Circuit for an extension of time to file his notice of appeal.  (Ninth Circuit Case no. 16-16213, Docket no. 3.)  The Ninth Circuit has referred the motion for an extension of time to this court.  (Doc. 23.)  Pursuant to Rule 4(a)(5), Federal Rules of Appellate Procedure,

>    (A) The district court may extend the time to file a notice of appeal if:
>    (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>    (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

In this case, the time for Plaintiff to file a notice of appeal expired on June 27, 2016.  Plaintiff filed his motion for an extension of time thirty days later on July 27, 2016.  Thus, the motion was timely as to Rule 4(a)(5)(A)(i).  Plaintiff, however, provides no explanation for the tardiness of his notice of appeal in his motion for an extension of time.[1]  Absent any explanation, this court must find that Plaintiff has shown neither excusable neglect nor good cause for the tardy filing of his notice of appeal.  "Federal Courts are without authority to fashion equitable exceptions to FRAP 4's time limits, even where the outcome is indisputably unfair."  *Wagan v. Alameida*, 506 Fed.Appx. 532, 532 (9th Cir. 2009), citing *Bowes v. Russell*, 551 U.S. 205, 127 S.Ct. 2360, 2366 (2007) (holding that the time limits specified in FRAP 4 are mandatory and jurisdictional).

Accordingly, Plaintiff's motion for an extension of time to file his notice of appeal is HEREBY DENIED.

**IT IS SO ORDERED**.

Dated: August 9, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

---

[1] The court notes that in his motion, Plaintiff incorrectly describes this action as a petition filed pursuant to 28 U.S.C. Section 2241.  This is a civil rights action filed pursuant to 42 U.S.C. Section 1983.